## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

ARMED FORCES BANK, N.A. AS SUCCESSOR )
BY MERGER TO BANK MIDWEST, N.A            )
                                                     )
       Plaintiff,                      )
                                                     )
       v.                             )

**CASE NO.: 4:11-CV-254**

AMERICAN REALTY TRUST, INC.,                    )
A GEORGIA CORPORATION,                           )      **DIVISION: ___**
<u>Serve Registered Agent</u>:                          )
National Registered Agents, Inc.                 )
3675 Crestwood Parkway, Suite 350           )
Duluth, GA 30096                                        )
                                                   )

AMERICAN REALTY INVESTORS, INC.,         )
A NEVADA CORPORATION,                           )
<u>Serve Registered Agent</u>:                          )
National Registered Agents, Inc. of NV       )
1000 East William Street, Suite 204            )
Carson City, NV  89701                               )
                                                   )

TRANSCONTINENTAL REALTY INVESTORS,  )
INC., A NEVADA CORPORATION,                  )
<u>Serve Registered Agent</u>:                          )
National Registered Agents, Inc. of NV       )
1000 East William Street, Suite 204            )
Carson City, NV  89701                               )
                                                   )

TRANSCONTINENTAL REALTY ACQUISITION)
CORPORATION, A NEVADA CORPORATION,  )
<u>Serve Registered Agent</u>:                          )
National Registered Agents, Inc. of NV       )
1000 East William Street, Suite 204            )
Carson City, NV  89701                               )
                                                   )

PAYNE NORTH, INC. (F/K/A TCI 109            )
BELTLINE, INC.), A NEVADA CORPORATION,)
<u>Serve Registered Agent</u>:                          )
National Registered Agents, Inc. of NV       )
1000 East William Street, Suite 204            )
Carson City, NV  89701                               )

EQK PORT OLPENITZ, INC.,                    )
A NEVADA CORPORATION,                       )
<u>Serve Registered Agent</u>:              )
National Registered Agents, Inc. of NV      )
1000 East William Street, Suite 204         )
Carson City, NV  89701                      )
                                            )
BASIC CAPITAL MANAGEMENT, INC.,             )
A NEVADA CORPORATION,                       )
<u>Serve Registered Agent</u>:              )
National Registered Agents, Inc. of NV      )
1000 East William Street, Suite 204         )
Carson City, NV  89701                      )
                                            )
TCI MCKINNEY RANCH, INC.,                   )
A NEVADA CORPORATION                        )
<u>Serve Registered Agent</u>:              )
National Registered Agents, Inc. of NV      )
1000 East William Street, Suite 204         )
Carson City, NV  89701                      )
                                            )
ART COLLECTION, INC.,                       )
A NEVADA CORPORATION                        )
<u>Serve Registered Agent</u>:              )
National Registered Agents, Inc. of NV      )
1000 East William Street, Suite 204         )
Carson City, NV  89701                      )
                                            )
PRIME INCOME ASSET MANAGEMENT INC.,  )
A NEVADA CORPORATION                        )
<u>Serve Registered Agent</u>:              )
National Registered Agents, Inc. of NV      )
1000 East William Street, Suite 204         )
Carson City, NV  89701                      )
                                            )
REALTY ADVISORS, INC.,                      )
A NEVADA CORPORATION                        )
<u>Serve Registered Agent</u>:              )
National Registered Agents, Inc. of NV      )
1000 East William Street, Suite 204         )
Carson City, NV  89701                      )
                                            )

EQK HOLDINGS, INC.,                               )
A NEVADA CORPORATION                              )
<u>Serve Registered Agent</u>:                    )
National Registered Agents, Inc. of NV            )
1000 East William Street, Suite 204               )
Carson City, NV  89701                            )
                                                  )
INCOME OPPORTUNITY                                )
REALTY INVESTORS, INC.,                           )
A NEVADA CORPORATION                              )
<u>Serve Registered Agent</u>:                    )
National Registered Agents, Inc. of NV            )
1000 East William Street, Suite 204               )
Carson City, NV  89701                            )
                                                  )
TCI MS INVESTMENT, INC.,                          )
A MISSISSIPPI CORPORATION                         )
<u>Serve Registered Agent</u>:                    )
National Registered Agents Inc.
840 Trustmark Building                            )
248 E. Capitol Street                             )
Jackson, MS  39201                                )
                                                  )
EQK HOLDINGS, LLC,                                )
A NEVADA LIMITED LIABILITY COMPANY                )
 <u>Serve Registered Agent</u>:                   )
National Registered Agents, Inc. of NV            )
1000 East William Street, Suite 204               )
Carson City, NV  89701                            )
                                                  )
PRIME INCOME ASSET MANAGEMENT, LLC, )
A NEVADA LIMITED LIABILITY COMPANY                )
 <u>Serve Registered Agent</u>:                   )
National Registered Agents, Inc. of NV            )
1000 East William Street, Suite 204               )
Carson City, NV  89701                            )
                                                  )
REALTY ADVISORS LLC,                              )
A NEVADA LIMITED LIABILITY COMPANY                )
 <u>Serve Registered Agent</u>:                   )
National Registered Agents, Inc. of NV            )
1000 East William Street, Suite 204               )
Carson City, NV  89701                            )

TCI MANHATTAN 1, LLC                          )
A NEVADA LIMITED LIABILITY COMPANY            )
Serve Registered Agent:                       )
National Registered Agents, Inc. of NV        )
1000 East William Street, Suite 204           )
Carson City, NV  89701                        )
                                              )
FRE REAL ESTATE, INC.,                        )
A NEVADA CORPORATION                          )
F/K/A/ TCI PARK WEST II, INC.                 )
Serve Registered Agent:                       )
National Registered Agents, Inc. of NV        )
1000 East William Street, Suite 204           )
Carson City, NV  89701                        )
                                              )
GENE S. BERTCHER                              )
                                              )
        1800 Valley View Lane                 )
        Suite 300                             )
        Dallas, TX 75234                      )
                                              )
DANIEL J. MOOS                                )
                                              )
        1800 Valley View Lane                 )
        Suite 300                             )
        Dallas, TX 75234                      )
                                              )
STEVEN A. SHELLEY                             )
                                              )
        1800 Valley View Lane                 )
        Suite 300                             )
        Dallas, TX 75234                      )
                                              )
        Defendants,                           )


## **COMPLAINT**

### **Summary of Complaint**

1.      Defendants herein are justly indebted to Armed Forces Bank, N.A. as successor

by merger to Bank Midwest, N.A. in an amount currently exceeding $72,526,355.22. Defendants

initial liabilities are under defaulted promissory notes and related guarantees.

2.      Defendants are also jointly and severally liable in tort to plaintiff for having acted in concert and common purpose to fraudulently transfer and slander title to plaintiff's collateral. This occurred when defendants recently made such prohibited transfers to an entity designed by defendants to become a bankrupt, all as to tortiously avoid their debt and collateral agreements with plaintiff.

3.      Defendants transferred the various collateral on December 23, 2010 and the straw entity filed for bankruptcy January 4, 2011. By reason of these fraudulent transactions, the straw entity's bankruptcy case was dismissed as a bad faith filing on March 1, 2011.

4.      For any necessary reference of the Court, the described bad faith bankruptcy filing was the Chapter 11 bankruptcy case of FRE Real Estate, Inc. ("FRE"), debtor, Case No. 11-30210-BJH-11 (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"). Now dismissed, FRE is one the defendants in this suit.

**Jurisdiction and Venue**

5.      This action is authorized under Article III, section 2 of the United States Constitution provides that a district court's judicial power extends to controversies "between citizens of different states." U.S. Const., Art. III, § 2, and this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).

6.      Diversity of citizenship exists because Plaintiff is a citizen of Missouri and Defendants are variously citizens of Texas, Georgia, Mississippi and Nevada.

7.      The amount in controversy in this dispute exceeds $75,000, exclusive of interests and costs.

8. Plaintiff's action arises from contracts made and performed in the Western District of Missouri wherein Defendants consented to the jurisdiction and venue in the Western District of Missouri.

9. The subject loans with Plaintiff prior to merger with Bank Midwest, N.A, were made and administered in the Western District of Missouri.

10. Defendants have done business in the Western District of Missouri.

11. The reliance resulting in Plaintiff's damages occurred in the Western District of Missouri.

12. The contracts regarding Plaintiff's interest in the collateral transfers at dispute herein contain the agreement of Plaintiff and Defendants to litigation in the federal courts of Missouri.

## The Parties

### Plaintiff Secured Lender

13. Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A. ("ARMED FORCES") is a national banking association and a citizen of Kansas.

### Borrower Defendants, Guarantor Defendants, Transferor Defendants, Transferee Defendants

14. Paragraphs 15 through 36, below describe the defendants herein. Due the several liability counts herein, a defendant to a claim on the initial debts described herein is designated as a "Borrower Defendant", a defendant to a claim on the guarantees of such debts described herein is designated as a "Guarantor Defendant", a defendant to a claim of fraudulently conveying collateral is designated as a "Transferor Defendant", a defendant to a claim of fraudulently receiving such collateral is designated as a "Transferee Defendant".

15.     Defendant American Realty Trust, Inc., a Georgia corporation, ("American Realty Trust") is a citizen of Georgia, and a Borrower Defendant, Guarantor Defendant, and Transferor Defendant herein, and may be served as indicated in the case caption.

16.     Defendant American Realty Investors, Inc., a Nevada corporation,("American Realty Investors") is a citizen of Nevada, and a Guarantor Defendant herein, and may be served as indicated in the case caption.

17.     Defendant Transcontinental Realty Investors, Inc., a Nevada corporation, ("Transcontinental") is a citizen of Nevada, and a Borrower Defendant, Guarantor Defendant, and Transferor Defendant herein, and may be served as indicated in the case caption.

18.     Defendant Transcontinental Realty Acquisition Corporation., a Nevada corporation,("Transcontinental Realty Acquisition") is a citizen of Nevada, and a Borrower Defendant and Guarantor Defendant herein, and may be served as indicated in the case caption.

19.     Defendant Payne North, Inc. (f/k/a TCI 109 Beltline, Inc.), a Nevada corporation, ("TCI 109 Beltline") is a citizen of Nevada, and a Borrower Defendant and Transferor Defendant herein, and may be served as indicated in the case caption.

20.     Defendant EQK Port Olpenitz, Inc., a Nevada corporation, is a citizen of Nevada, and a Borrower Defendant herein, and may be served as indicated in the case caption.

21.     Defendant Basic Capital Management, Inc., a Nevada corporation, is a citizen of Nevada, and a Borrower Defendant and Guarantor Defendant herein, and may be served as indicated in the case caption.

22.     Defendant TCI McKinney Ranch, Inc., a Nevada corporation ("TCI McKinney Ranch"), is a citizen of Nevada, and a Borrower Defendant and Transferor Defendant herein, and may be served as indicated in the case caption.

23. Defendant ART Collection, Inc., a Nevada corporation ("ART Collection"), is a citizen of Nevada, and a Guarantor Defendant and Transferor Defendant herein, and may be served as indicated in the case caption.

24. Defendant Prime Income Asset Management, Inc., a Nevada corporation, is a citizen of Nevada, and a Guarantor Defendant herein, and may be served as indicated in the case caption.

25. Defendant Realty Advisors, Inc., a Nevada corporation, is a citizen of Nevada, and a Guarantor Defendant herein, and may be served as indicated in the case caption.

26. Defendant EQK Holdings, Inc., a Nevada corporation, is a citizen of Nevada, and a Guarantor Defendant herein, and may be served as indicated in the case caption.

27. Defendant Income Opportunity Realty Investors, Inc., a Nevada corporation, is a citizen of Nevada, and a Guarantor Defendant herein, and may be served as indicated in the case caption.

28. Defendant TCI MS Investment, Inc. a Mississippi corporation, is a citizen of Mississippi, and a Guarantor Defendant herein, and may be served as indicated in the case caption.

29. Defendant EQK Holdings, LLC, is a Nevada limited liability company, is a citizen of Nevada, and a Guarantor Defendant herein, and may be served as indicated in the case caption.

30. Defendant Prime Income Asset Management, LLC, is a Nevada limited liability company, is a citizen of Nevada, and a Guarantor Defendant herein, and may be served as indicated in the case caption.

Case 4:11-cv-00254-SOW   Document 1   Filed 03/09/11   Page 8 of 41

31.     Defendant Realty Advisors LLC, is a Nevada limited liability company, is a citizen of Nevada, and a Guarantor Defendant herein, and may be served as indicated in the case caption.

32.     Defendant TCI Manhattan 1, LLC, is a Nevada limited liability company, is a citizen of Nevada, and a Guarantor Defendant herein, and may be served as indicated in the case caption.

33.     Defendant FRE Real Estate, Inc., a Nevada corporation, f/k/a/ TCI Park West II, Inc. is a citizen of Nevada, and a Transferee Defendant herein, and may be served as indicated in the case caption.

34.     Upon information and belief, Defendant Gene S. Bertcher is a natural person whose address is 1800 Valley View Lane, Suite 300, Dallas, TX 75234, a citizen of Texas, and who had positions of authority as officer or director of both Transferor and Transferee Defendants in the timeline of fraudulent transfers described below, and is a Transferee Defendant herein.

35.     Upon information and belief, Defendant Daniel J. Moos is a natural person whose address is 1800 Valley View Lane, Suite 300, Dallas, TX 75234, a citizen of Texas, and who had positions of authority as officer or director of both Transferor and Transferee Defendants in the timeline of fraudulent transfers described below, and is a Transferee Defendant herein.

36.     Upon information and belief, Defendant Steven A. Shelley is a natural person whose address is 1800 Valley View Lane, Suite 300, Dallas, TX 75234, a citizen of Texas, and who had positions of authority as officer or director of both Transferor and Transferee Defendants in the timeline of fraudulent transfers described below, and is a Transferee Defendant herein.

## Loans

37.     This complaint regards a total of over $70,000,000.00 in loans made by ARMED FORCES, (the "Loans").

38.     The Loans are documented by executed writings including related promissory notes (the Notes), deeds of trust (the Deed(s) of Trust), guarantee agreements (the "Guarantees"), Loan Modification Agreement, Loan Extension and Modification Agreements, Master Loan Modification Agreement, and Memorandum of Cross-Collateralization, referred to collectively as the "Loan Documents" within this Complaint.

39.     The Loan Documents are further described with reference to specific security interests of ARMED FORCES at paragraphs 40 through 80 of this Complaint.

## The Notes

40.     ARMED FORCES is entitled to payment under a Promissory Note, dated December 30, 2004, executed by American Realty Trust, Inc., a Georgia corporation, as assumed by Transcontinental Realty Investors, Inc., a Nevada corporation, pursuant to that certain Assumption and Modification Agreement, effective as of June 23, 2005, recorded in Volume Number 2005138, Page 11680 of the Real Property Records of Dallas County, Texas, payable to the order of Bank Midwest, N.A., a national banking association, now known as Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A., in the original stated principal amount of Three Million One Hundred Twenty-One Thousand Two Hundred Eighty-Seven and 91/100 Dollars ($3,121,287.91) ("Note A")(Exhibit 1 contains true and accurate copies of Notes A through K described herein);

41.     On January 4, 2011, the balance of principal due under Note A was $1,084,340.29 interest due was $44,780.52, and other fees and charges under the Note of $4,990.50; all for a total of $1,134,111.31, with interest continuing to accrue from and after that date.

42.     ARMED FORCES is entitled to payment under a Promissory Note, dated September 28, 2007, executed by Transcontinental Realty Investors, Inc., a Nevada corporation, payable to the order of Bank Midwest, N.A., a national banking association, now known as Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A., in the original stated principal amount of Three Million Seven Hundred Twelve Dollars and No/100 Dollars ($3,000,712.00) ("Note B");

43.     On January 4, 2011, the balance of principal due under Note B was $2,808,190,83, interest due was $115,971.26, and other fees and charges under the Note of $6,922.53; all for a total of $2,931,084.62, with interest continuing to accrue from and after that date.

44.     ARMED FORCES is entitled to payment under a Promissory Note, dated December 21, 2005, executed by TCI 109 Beltline, Inc., a Nevada corporation, payable to the order of Bank Midwest, N.A., a national banking association, now known as Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A., in the original stated principal amount of Six Million Seven Hundred Thirty-Two Thousand and No/100 Dollars ($6,732,000.00) ("Note C");

45.     On January 4, 2011, the balance of principal due under Note C was $6,431,288.97, interest due was $264,102.21, and other fees and charges under the Note of $18,167.49; all for a total of $6,713,558.67, with interest continuing to accrue from and after that date.

46.     ARMED FORCES is entitled to payment under a Promissory Note, dated April 21, 2006, executed by TCI 109 Beltline, Inc., a Nevada corporation, payable to the order of Bank Midwest, N.A., a national banking association, now known as Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A., in the original stated principal amount of Five Million Six Hundred Eighty-Three Thousand and No/100 Dollars ($5,683,000.00) ("Note D");

47.     On January 4, 2011, the balance of principal due under Note D was $5,426,215.76, interest due was $224,090.43, and other fees and charges under the Note of $13,376.16; all for a total of $5,663,682.35, with interest continuing to accrue from and after that date.

48.     ARMED FORCES is entitled to payment under a Demand Promissory Note, dated June 29, 2007, executed by EQK Port Olpenitz, Inc., a Nevada corporation, payable to the order of Bank Midwest, N.A., a national banking association, now known as Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A., in the original stated principal amount of Five Million and No/100 Dollars ($5,000,000.00) ("Note E");

49.     On January 4, 2011, the balance of principal due under Note E was $4,879,432.35, interest due was $201,509.48, and other fees and charges under the Note of $12,028.32; all for a total of $5,092,970.15, with interest continuing to accrue from and after that date.

50.     ARMED FORCES is entitled to payment under a Consolidated and Restated Promissory Note, dated February 28, 2008, executed by American Realty Trust, Inc., a Georgia corporation, payable to the order of Bank Midwest, N.A., a national banking association, now known as Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A., in the

original stated principal amount of Twenty-Five Million Nine Hundred Seven Thousand Five Hundred Forty-Six and 15/100 Dollars ($25,907,546.15) ("Note F");

51.     On January 4, 2011, the balance of principal due under Note F was $24,926,075.05, interest due was $1,000,423.07, and other fees and charges under the Note of $108,134.21; all for a total of $26,034,632.33, with interest continuing to accrue from and after that date.

52.     ARMED FORCES is entitled to payment under an Amended and Restated Promissory Note dated June 14, 2006, executed by American Realty Trust, Inc., a Georgia corporation ("ART"), payable to the order of Bank Midwest, N.A., a national banking association, now known as Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A. ("Holder"), in the original stated principal amount of Ten Million and No/100 Dollars ($10,000,000.00), which amended and restated that certain Promissory Note, dated February 23, 2004, executed by ART, payable to the order of Holder, in the original stated principal amount of Ten Million and No/100 Dollars ($10,000,000.00) ( as amended and restated "Note G");

53.     On January 4, 2011, the balance of principal due under Note G was $9,078,189.43, interest due was $367,520.42, and other fees and charges under the Note of $22,360.14; all for a total of $9,468,069.99, with interest continuing to accrue from and after that date.

54.     ARMED FORCES is entitled to payment under a Promissory Note, dated June 30, 2009, executed by Basic Capital Management, Inc., a Nevada corporation, payable to the order of Bank Midwest, N.A., a national banking association, now known as Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A., in the original stated principal amount of Four Million and No/100 Dollars ($4,000,000.00) ("Note H");

55.     On January 4, 2011, the balance of principal due under Note H was $3,980,696.00, interest due was $206,190.71, and other fees and charges under the Note of $8,722.56; all for a total of $4,195,609.27, with interest continuing to accrue from and after that date.

56.     ARMED FORCES is entitled to payment under a Promissory Note, dated June 30, 2009, executed by Transcontinental Realty Acquisition Corporation, a Nevada corporation, payable to the order of Bank Midwest, N.A., a national banking association, now known as Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A., in the original stated principal amount of Four Million and No/100 Dollars ($4,000,000.00) ("Note I");

57.     On January 4, 2011, the balance of principal due under Note I was $3,981,637.92, interest due was $205,313.66, and other fees and charges under the Note of $9,812.88; all for a total of $4,196,764.46, with interest continuing to accrue from and after that date.

58.     ARMED FORCES is entitled to payment under an Amended and Restated Promissory Note, dated January 1, 2010 executed by TCI McKinney Ranch, Inc., a Nevada corporation ("TCI McKinney"), payable to the order of Bank Midwest, N.A., a national banking association, now known as Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A. ("Holder"), in the original stated principal amount of Five Million Three Hundred Twenty-One Thousand Four Hundred Ninety-Three and 59/100 Dollars ($5,321,493.59), which amended and restated that certain Promissory Note, dated December 15, 2005, executed by Today McKinney Ranch Land, L.P., payable to the order of TCI McKinney, in the original stated principal amount of Seven Million Five Hundred Fifty Two Thousand, Five Hundred Twenty Seven and No/100 Dollars ($7,552,527.00), which was later assumed by TCI McKinney pursuant to that certain Loan Assumption and Modification Agreement, effective as of January 1,

2010, recorded March 3, 2010, as Document Number 20100303000207660 in the Real Property Records of Collin County, Texas (as amended and restated, "Note J"); and

59.     On January 4, 2011, the balance of principal due under Note J was $5,297,058.96, interest due was $495,907.14, and other fees and charges under the Note of $15,372.27; all for a total of $5,808,338.37, with interest continuing to accrue from and after that date.

60.     ARMED FORCES is entitled to payment under a Promissory Note, dated January 1, 2010, executed by American Realty Trust, Inc., a Georgia corporation, payable to the order of Bank Midwest, N.A., a national banking association, now known as Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A., in the original stated principal amount of One Million Two Hundred Thirty-Seven Thousand Three Hundred Four and 08/100 Dollars ($1,237,304.08) (the "Note K").

61.     On January 4, 2011, the balance of principal due under Note K was $1,231,329.88, interest due was $50,850.98, and other fees and charges under the Note of $5,352.84; all for a total of $1,287,533.70, with interest continuing to accrue from and after that date.

62.     The cumulative debt amounts due ARMED FORCES under the Notes as of January 4, 2011, is as follows:

| | |
|---|---|
| Principal | $69,124,455.44 |
| Interest (to January 4, 2011) | $    741,213.41 |
| Default Interest | $ 2,435,446.47 |
| Late Charges | $    169,208.40 |
| Third Party Costs | $      56,031.50 |
| TOTAL | $72,526,355.22 |

### The Collateral

63.     The Notes are collateralized and cross-collateralized under the Loan Documents described in paragraphs 64 through 80, below.

64.     Deed of Trust, Security Agreement, and Assignment of Leases and Rents (the "Original First Kinwest Deed of Trust"), dated December 30, 2004, executed by American Realty Trust, Inc., a Georgia corporation, for the benefit of Bank Midwest, N.A., a national banking association, now known as Armed Forces Bank, N.A. as successor by merger to Bank Midwest, N.A. ("Holder"), and covering the real and personal property more particularly described therein, recorded in Volume 2005001, Page 8223 of the Real Property Records of Dallas County, Texas (the "Dallas County Records"), as modified and assumed by Transcontinental Realty Investors, Inc., a Nevada corporation ("TRI") pursuant to that certain Assumption and Modification Agreement, effective as of June 23, 2005, recorded in Volume 2005138, Page 11680 of the Dallas County Records, as further modified by that certain Loan Modification Agreement, effective as of April 21, 2006, by and between, among others, TRI and Holder, recorded as Instrument Number 200600148484 of the Dallas County Records, as further modified by that certain Loan Modification and Extension Agreement, effective as of December 30, 2006, by and between, among others, TRI and Holder, recorded as Instrument Number 20070043772 of the Dallas County Records, as further modified by that certain Fourth Loan Modification Agreement, dated September 28, 2007, by and between, among others, TRI and Holder, recorded as Instrument Number 20070350963 of the Dallas County Records, as further modified by that certain unrecorded Loan Extension and Modification Agreement, effective as of September 30, 2008, by and between, among others, TRI and Holder, as further modified by that certain unrecorded Master Loan Modification Agreement, effective as of January 1, 2010, by and between, among others, Holder and TRI, and as further modified by that certain Memorandum of Cross-Collateralization, dated February 25, 2010, by and between TRI and Holder, recorded as Instrument Number 201000051662 in the Dallas County Records (the

Original First Kinwest Deed of Trust as modified, the "First Kinwest Deed of Trust"). Certain parcels of land secured by the First Kinwest Deed of Trust have been released pursuant to that certain (i) Partial Release of Lien, effective as of December 16, 2005, recorded as Instrument Number 200503632714 in the Dallas County Records and (ii) Partial Release of Lien, dated October 10, 2007, recorded as Instrument Number 20070366820 in the Dallas County Records.

65. Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing, (the "Original Second Kinwest Deed of Trust") dated September 28, 2007, by Transcontinental Realty Investors, Inc., a Nevada corporation ("TRI"), for the benefit of Holder and covering the real and personal property more particularly described therein, as modified by that certain Fourth Loan Modification Agreement, dated September 28, 2007, by and between, among others, TRI and Holder, as further modified by that certain unrecorded Loan Extension and Modification Agreement, effective as of September 30, 2008, by and between, among others, TRI and Holder, as further modified by that certain unrecorded Master Loan Modification Agreement, dated as of January 1, 2010, by and between, among others, TRI and Holder, and as further modified by that certain Memorandum of Cross-Collateralization (Kinwest Second Lien), dated February 25, 2010, by and between TRI and Holder, and recorded as Document Number 201000051663 in the Dallas County Records (the Original Second Kinwest Deed of Trust, as modified, the "Second Kinwest Deed of Trust").

66. Deed of Trust, Security Agreement, and Assignment of Leases and Rents (the "Original First Beltline Deed of Trust"), dated December 21, 2005, executed by TCI 109 Beltline, Inc., a Nevada corporation ("TCI 109") for the benefit of Holder, and covering the real and personal property more particularly described therein, recorded as Instrument Number 200503638360 of the Dallas County Records, as modified by that certain Loan Modification

Agreement, effective as of April 21, 2006, by and between, among others, TCI 109 and Holder, recorded as Instrument Number 200600148484 of the Dallas County Records, as further modified by that certain unrecorded Loan Extension and Modification Agreement, effective as of December 21, 2007, by and between, among others, TCI 109 and Holder, as further modified by that certain unrecorded Loan Extension and Modification Agreement, effective as of June 21, 2009, by and between, among others, TCI 109 and Holder, as further modified by that unrecorded Master Loan Modification Agreement, effective as of January 1, 2010, by and between, among others, Holder and TCI 109, and as further modified by that certain Memorandum of Cross-Collateralization (109 Beltline First Lien), dated February 25, 2010, by and between Holder and TCI 109, and recorded as Instrument Number 201000051665 in the Dallas County Records (the Original First Beltline Deed of Trust as modified, the "First Beltline Deed of Trust").

67.    Deed of Trust, Security Agreement, and Assignment of Leases and Rents (the "Original Second Beltline Deed of Trust"), dated April 21, 2006, executed by TCI 109 Beltline, Inc., a Nevada corporation ("TCI 109") for the benefit of Holder, and covering the real and personal property more particularly described therein, recorded as Instrument Number 200600148482 of the Dallas County Records, as modified by that certain Loan Modification Agreement, effective as of April 21, 2006, by and between, among others, TCI 109 and Holder, recorded as Instrument Number 200600148484 of the Dallas County Records, as further modified by that certain unrecorded Loan Extension and Modification Agreement, effective as of December 21, 2007, by and between, among others, TCI 109 and Holder, as further modified by that certain unrecorded Loan Extension and Modification Agreement, effective as of June 21, 2009, by and between, among others, TCI 109 and Holder, as further modified by that

unrecorded Master Loan Modification Agreement, effective as of January 1, 2010, by and between, among others, Holder and TCI 109, and as further modified by that certain Memorandum of Cross-Collateralization (109 Beltline Second Lien), dated February 25, 2010, by and between Holder and TCI 109, and recorded as Instrument Number 201000051666 in the Dallas County Records (the Original Second Beltline Deed of Trust as modified, the "Second Beltline Deed of Trust").

68.     Deed of Trust, Security Agreement, and Assignment of Leases and Rents (the "First Mercer Crossing Deed of Trust"), dated October 31, 2003, executed by American Realty Trust, Inc., a Georgia corporation, for the benefit of Holder, and covering the real and personal property more particularly described therein, recorded in Volume 2003218, Page 06384 of the Dallas County Records and re-recorded in Volume 2004012, Page 13235 of the Dallas County Records.

69.     Deed of Trust, Security Agreement, and Assignment of Leases and Rents (Mercer Crossing) (the "Second Mercer Crossing Deed of Trust"), dated February 23, 2007, executed by American Realty Trust, Inc., a Georgia corporation, for the benefit of Holder, and covering the real and personal property more particularly described therein, recorded as Instrument Number 20070068722 of the Dallas County Records.

70.     Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing (Mercer Crossing) (the "Third Mercer Crossing Deed of Trust"), dated May 7, 2007, executed by American Realty Trust, Inc., a Georgia corporation, for the benefit of Holder, and covering the real and personal property more particularly described therein, recorded as Instrument Number 20070166912 of the Dallas County Records.

71.     Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing (Mercer Crossing) (the "Fourth Mercer Crossing Deed of Trust"), dated July 16, 2007, executed by American Realty Trust, Inc., a Georgia corporation, for the benefit of the Holder, and covering the real and personal property more particularly described therein, recorded as Instrument Number 20070256289 of the Dallas County Records.

72.     The First Mercer Crossing Deed of Trust, the Second Mercer Crossing Deed of Trust, the Third Mercer Crossing Deed of Trust, and Fourth Mercer Crossing Deed of Trust, collectively, were modified by that certain Consolidated and Restated Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing (Mercer Crossing) (the "Original Consolidated Mercer Crossing Deed of Trust") dated February 28, 2008, executed by American Realty Trust, Inc., a Georgia corporation ("ART"), for the benefit of Holder, and covering the real and personal property more particularly described therein, recorded as Instrument Number 20080076135 of the Dallas County Records, as modified by that certain unrecorded Master Loan Modification Agreement, effective as of January 1, 2010, by and between, among others, ART, and Holder, and as further modified by that certain Memorandum of Cross-Collateralization (Mercer 235 First Lien), by and between ART and Holder, dated February 25, 2010, recorded at instrument number 201000051659 in the Dallas County Records (the Original Consolidated Mercer Crossing Deed of Trust as modified, the "Consolidated Mercer Crossing Deed of Trust").

73.     Deed of Trust, Security Agreement, and Assignment of Leases and Rents (Mercer Crossing) (the "Original Fifth Mercer Crossing Deed of Trust"), dated February 23, 2004, executed by American Realty Trust, Inc., a Georgia corporation ("ART") for the benefit of Holder, and covering the real and personal property more particularly described therein, recorded

as Volume 2004036, Page 08192 of the Dallas County Records, as modified by that certain Modification Agreement, effective as of December 15, 2005, by and between, among others, ART and Holder, recorded as Instrument Number 200503638077 in the Dallas County Records, as further modified by that certain unrecorded Loan Extension Agreement, dated May 31, 2006, executed by ART and Holder, as further modified by that certain Loan Modification and Extension Agreement, effective as of December 15, 2006, by and between, among others, ART and Holder, recorded as Instrument Number 20070043734 in the Dallas County Records, as further modified by that certain Consolidated Mercer Crossing Deed of Trust, as further modified by that certain unrecorded Consolidated Loan Security Agreement, dated February 28, 2008, by and between, among others, ART and Holder, as further modified by that certain unrecorded Loan Extension Agreement, dated March 14, 2008, executed by ART and Holder, as further modified by that certain unrecorded Loan Modification Agreement, dated June 29, 2009, executed by ART and Holder, as further modified by that certain Master Loan Modification Agreement, effective as of January 1, 2010, by and between, among others, Holder and ART, and as further modified by that certain Memorandum of Cross-Collateralization (Mercer 235 Second Lien), dated February 25, 2010, between ART and Holder, recorded as Instrument Number 201000051660 in the Dallas County Records (the Original Fifth Mercer Crossing Deed of Trust as modified, the "Fifth Mercer Crossing Deed of Trust").

74.     Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing (Mercer Crossing) (the "Original Sixth Mercer Crossing Deed of Trust"), dated June 29, 2007, executed by American Realty Trust, Inc., a Georgia corporation ("ART"), for the benefit of Holder, and covering the real and personal property more particularly described therein, recorded as Instrument Number 20070235432 of the Dallas County Records, as modified by that

certain Consolidated Mercer Crossing Deed of Trust, as further modified by that certain unrecorded Consolidated Loan Security Agreement, dated February 28, 2008, by and between, among others, ART and Holder, as further modified by that certain Loan Modification Agreement, effective July 9, 2008, by and between EQK Port Olpenitz, a Nevada corporation ("EQK Port Olpenitz"), ART, and Holder, recorded as Instrument Number 20080239901 of the Dallas County Records, as further modified by that certain unrecorded Second Loan Modification Agreement, effective January 9, 2009, by and between EQK Port Olpenitz, ART, and Holder, as further modified by that certain Third Loan Modification Agreement, effective February 24, 2009, by and between EQK Port Olpenitz, ART, and Holder, recorded as Instrument Number 200900090877 in the Dallas County Records, as further modified by that certain unrecorded Master Loan Modification Agreement, effective as of January 1, 2010, by and between, among others, Holder, EQK Port Olpenitz, and ART, and as further modified by that certain Memorandum of Cross-Collateralization (Mercer 235 Third Lien), dated February 25, 2010, by and between Holder and ART, recorded as Instrument Number 201000051661 in the Dallas County Records (the Original Sixth Mercer Crossing Deed of Trust as modified, the "Sixth Mercer Crossing Deed of Trust").

75.    Deed of Trust, Security Agreement, and Assignment of Leases and Rents (Austin) (the "Original First Pioneer Crossing Deed of Trust"), dated as of March 29, 2006, executed by ART Collection, Inc., a Nevada corporation ("ART Collection") for the benefit of Holder, and covering the real and personal property more particularly described therein, recorded as Instrument Number 2006058500 in the Real Property Records of Travis County, Texas (the "Travis County Records"), as modified by that certain unrecorded Loan Modification and Extension Agreement, effective December 15, 2006, by and between, among others, ART

Case 4:11-cv-00254-SOW   Document 1   Filed 03/09/11   Page 22 of 41

Collection and Holder, as further modified by that certain Modification of Deeds of Trust (ART Collection – Pioneer Crossing), dated February 28, 2008, by and between ART Collection and Holder, recorded as Instrument Number 2008038404 of Travis County Records, as further modified by that certain unrecorded Consolidated Loan and Security Agreement, dated February 28, 2008, by and between, among others, ART Collection and Holder, as further modified by that certain unrecorded Master Loan Modification Agreement, effective as of January 1, 2010, by and between, among others, Holder and American Realty Trust, Inc., a Georgia corporation, and as further modified by that certain Memorandum of Cross-Collateralization (Pioneer Crossing First Lien), by and between ART Collection and Holder, dated February 25, 2010, recorded as Instrument Number 2010031050 in the Travis County Records (the Original Pioneer Crossing First Deed of Trust as modified, the "First Pioneer Crossing Deed of Trust").

76.     Deed of Trust, Security Agreement, and Assignment of Leases and Rents (Austin) (the "Original Second Pioneer Crossing Deed of Trust"), effective as of February 23, 2007, executed by ART Collection, Inc., a Nevada corporation ("ART Collection"), for the benefit of Holder, recorded as Instrument Number 2007033484 of the Travis County Records, as modified by that certain Modification of Deeds of Trust (ART Collection – Pioneer Crossing), dated February 28, 2008, by and between ART Collection and Holder, recorded as Instrument Number 2008038404 of Travis County Records, as further modified by that certain unrecorded Consolidated Loan and Security Agreement, dated February 28, 2008, by and between, among others, ART Collection and Holder, as further modified by that certain unrecorded Master Loan Modification Agreement, effective as of January 1, 2010, by and between, among others, Holder and American Realty Trust, Inc., a Georgia corporation, and as further modified by that certain Memorandum of Cross-Collateralization (Pioneer Crossing Second Lien), by and between ART

Collection and Holder, dated February 25, 2010, recorded as Instrument Number 2010031051 in the Travis County Records (the Original Second Pioneer Crossing Deed of Trust as modified, the "Second Pioneer Crossing Deed of Trust").

77.     Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing (Austin – Pioneer Crossing) (the "Original Third Pioneer Crossing Deed of Trust"), dated June 30, 2009, executed by ART Collection, Inc., a Nevada corporation ("ART Collection"), for the benefit of Holder, and covering the real and personal property more particularly described therein, recorded as Document Number 2009109955 of the Travis County Records, as modified pursuant to that certain unrecorded Master Loan Modification Agreement, effective as of January 1, 2010, by and between, among others, Holder, Basic Capital Management, Inc., a Nevada corporation, and Transcontinental Realty Acquisition Corporation, a Nevada corporation, and as further modified by that certain Memorandum of Cross-Collateralization (Pioneer Crossing Third Lien), dated February 25, 2010, by and between ART Collection and Holder, recorded as Instrument Number 2010031052 in the Travis County Records (the Original Third Pioneer Crossing Deed of Trust as modified, the "Third Pioneer Crossing Deed of Trust").

78.     Deed of Trust, Security Agreement, and Assignment of Leases and Rents (the "Original Valwood Deed of Trust"), dated April 6, 2001, executed by American Realty Trust, Inc., a Georgia corporation ("ART"), for the benefit of Bank Midwest, N.A., and covering the real and personal property more particularly described therein, recorded as Volume Number 2001072, Page 6962 of the Dallas County Records, as modified by that certain Loan Modification and Extension Agreement, effective as of April 6, 2003, by and between, among others, ART and Holder recorded in Volume Number 2003089, Page 3373 in the Dallas County Records, as further modified by that certain Second Loan Modification and Extension

Agreement, effective as of April 6, 2004, by and between, among others, ART and Holder, recorded in Volume Number 2004115, Page Number 6535 in the Dallas County Records, as assigned to Armed Forces Bank, N.A. pursuant to that certain Assignment of Deed of Trust and Other Loan Documents, dated May 28, 2004, recorded in Volume Number 2004115, Page 6561 in the Dallas County Records, as further modified by that certain unrecorded Third Loan Modification and Extension Agreement, effective as of April 6, 2005, by and between, among others, ART and Holder, as further modified by that certain Fourth Loan Modification and Extension Agreement, effective as of October 6, 2005, by and between ART and Holder, recorded as Document Number 200503594014 in the Dallas County Records, as further modified by that certain Fifth Loan Modification and Extension Agreement, effective as of October 6, 2006, by and between ART and Holder, recorded as Document Number 200600436547 in the Dallas County Records, as further modified by that certain unrecorded Loan Extension Agreement, effective as of October 6, 2007, by and between, among others, ART and Holder, as further modified by that certain unrecorded Loan Extension Agreement, effective as of December 5, 2007, by and between, among others, ART and Holder, as further modified by that certain Modification of Deed of Trust (ART-Valwood Tract), dated February 28, 2008, by and between, among others, ART and Holder, recorded as 20080076136 in the Dallas County Records, as further modified by that certain unrecorded Consolidated Loan Security Agreement, dated February 28, 2008, by and between, among others, ART and Holder, as further modified by that certain unrecorded Master Loan Modification Agreement, effective as of January 1, 2010, by and between, among others, Holder and ART, and as further modified by that certain Memorandum of Cross-Collateralization, by and between ART and Holder, dated February 25, 2010, recorded as Instrument Number 201000051623 in the Dallas County Records (the Original

Valwood Crossing Deed of Trust as modified, the "Valwood Deed of Trust"). Certain parcels of land secured by the Valwood Deed of Trust have been released pursuant to that certain Release of Lien, dated February 9, 2004, and recorded in Volume 2004030, Page 7141 in the Dallas County Records.

79.     Deed of Trust, Security Agreement, and Assignment of Leases and Rents (the "Original McKinney Deed of Trust"), dated December 15, 2005, executed by Today McKinney Ranch Land, L.P., a Texas limited partnership ("Today McKinney"), for the benefit of TCI McKinney Ranch, Inc. a Nevada corporation, as lender ("TCI McKinney"), and covering the real and personal property more particularly described therein, recorded in Volume 6069, Page 4285 of the Real Property Records of Collin County, Texas (the "Collin County Records"), as modified by that certain First Loan Modification Agreement, effective as of December 30, 2005, by and between TCI McKinney and Today McKinney, recorded in Volume 6077, Page 53 of the Collin County Records, as assigned to Holder by that certain Assignment of Deed of Trust and Other Loan Documents, dated as of January 25, 2006, recorded as Instrument Number 20060207000162960 of the Collin County Records, as modified by that certain Modification, Cross-Collateralization, and Cross-Default Agreement, by and between Today McKinney and Holder, dated effective as of January 25, 2006, recorded as Instrument Number 20060207000162970 in the Collin County Records, as further modified by that certain unrecorded Loan Extension and Modification Agreement, effective as of December 15, 2007, by and between, among others, Holder and Today McKinney, as further modified by that certain Loan Assumption and Modification Agreement, by and between, among others, TCI McKinney and Holder, effective as of January 1, 2010, recorded as Instrument Number 20100303000207660 in the Collin County Records, and as further affected by that certain

unrecorded Master Loan Modification Agreement, effective as of January 1, 2010, by and between Holder, Transcontinental Realty Investors, Inc., a Nevada corporation, TCI 109 Beltline, Inc., a Nevada corporation, American Realty Trust, Inc., a Georgia corporation, EQK Port Olpenitz, Inc., a Nevada corporation, Basic Capital Management, Inc., a Nevada corporation, and Transcontinental Realty Acquisition Corporation, a Nevada corporation (the Original McKinney Deed of Trust as modified, assigned, and assumed, the "McKinney Deed of Trust"). Certain parcels of land originally secured by the McKinney Deed of Trust have been released pursuant to that Partial Release of Lien, dated September 28, 2007, recorded as Instrument Number 20071011001399500 in the Collin County Records.

80.     Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing (the "Original TCI Manhattan Deed of Trust"), dated March 3, 2010, executed by TCI Manhattan 1, LLC, a Nevada limited liability company ("TCI Manhattan"), for the benefit of Holder, and covering the real and personal property more particularly described therein, recorded as Instrument Number 201000051657 in the Dallas County Records, as corrected by that certain Correction Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing, dated March 3, 2010, recorded as Instrument Number 201000054927 in the Dallas County Records, and as modified by that certain Master Loan Modification Agreement, effective as of January 1, 2010, by and between, among others, American Realty Trust, Inc., a Georgia corporation, and Holder (the Original TCI Manhattan Deed of Trust as modified, the "TCI Manhattan Deed of Trust").

### The Guarantees

81.     The Guarantor Defendants executed written guaranties of the debts defaulted herein.

82.     Exhibit 2, attached and incorporated herein, is a true and accurate copy of a Master Loan Modification that consolidates the several Loans under the Loan Documents.

83.     Exhibit 3, attached and incorporated herein, is a true and accurate copy of a Consent and Reaffirmation of Guarantors as referenced within the Master Loan Modification that consolidates guarantees under the several Loans under the Loan Documents.

## The Wrongful Transactions

### Transfers of Real Estate From Transcontinental to the FRE, Subject to the Liens of Armed Forces Bank

84.     Effective as of December 23, 2010, pursuant to a Purchase Agreement, FRE purchased from Transcontinental approximately 27.11 acres of land in the Las Colinas area of Irving, Dallas County, Texas, commonly known as Kinwest Tract (the "Kinwest Tract"), subject to the alleged liens and indebtedness of Armed Forces and Propel, for a purchase price of $4,100,000.00.  A true and correct copy of that Purchase Agreement is included in Exhibit 4.

85.     As of January 4, 2011, the total amount of unsecured trade debt previously owed by Transcontinental in connection with the Kinwest Tract and assumed by the FRE was, as represented by FRE, $0.00, as set forth on Exhibit 5.

86.     The purchase price included FRE's (i) assumption of the mortgage debt and property tax loan encumbering the Kinwest Tract with an approximate balance of approximately $4,070,566.70, (ii) all of the trade debt of Transcontinental related to the Kinwest Tract, and (iii) a Promissory Note, dated December 23, 2010, in the original principal amount of $29,443.30, executed by FRE, as maker, and Transcontinental, as payee (the "Transcontinental Kinwest Note").  A true and correct copy of the Transcontinental Kinwest Note is included in Exhibit 6.

87.     Effective as of December 23, 2010, Transcontinental executed a General Warranty Deed, wherein Transcontinental deeded all of its right, title, and interest in and to the Kinwest Tract to FRE.  That General Warranty Deed was recorded in Dallas County, Texas, on January 4, 2011, as Document Number 201100001382, and covered the Kinwest Tract.  Exhibit 7 is a true and correct copy of that General Warranty Deed.

88.     The Loan Documents between Transcontinental and Armed Forces Bank relating to the Kinwest Tract prohibit the transfer of the Kinwest Tract to any third party without Armed Forces' prior written consent.

89.     The transfers and bankruptcy were made without notice to Armed Forces.

90.     Transcontinental did not seek or receive the prior written consent from Armed Forces to transfer the Kinwest Tract to any third parties.

**Transfer of Real Estate From TCI 109 Beltline to FRE, Subject to the Liens of Armed Forces Bank.**

91.     Effective December 23, 2010, pursuant to a Purchase Agreement, FRE purchased from TCI 109 Beltline, approximately 109.85 acres of land in fee simple in the Las Colinas area of Irving, Dallas County, Texas and approximately 13.220 acres of land as an easement estate in the Las Colinas area of Irving, Dallas County, Texas, commonly known as Payne-North (collectively, the "TCI 109 Beltline Property"), subject to the alleged liens and indebtedness of Armed Forces and Propel, for a purchase price of $14,050,000.00.  Exhibit 8 is a true and correct copy of that Purchase Agreement

92.     The purchase price included FRE's (i) assumption of mortgage debt and property tax obligations encumbering the TCI 109 Beltline Property with an approximate balance of approximately $12,166,811.67 (ii) TCI 109 Beltline's trade debt for the TCI 109 Beltline Property, and (iii) a Promissory Note, dated as of December 23, 2010, in the original principal

amount of $1,883,188.33, executed by FRE, as maker, and TCI 109 Beltline, as payee (the "TCI 109 Beltline Note").  Exhibit 9 is a true and correct copy of the TCI 109 Beltline Note.

93.     As of the Petition Date, the total amount of unsecured trade debt previously owed by TCI 109 Beltline and assumed by FRE, as represented by FRE, was $293.90, as set forth on Exhibit 5.

94.     Effective as of December 23, 2010, TCI 109 Beltline executed a General Warranty Deed, wherein TCI 109 Beltline deeded all of its right, title, and interest in and to the TCI 109 Beltline Property to FRE.  That General Warranty Deed was recorded in Dallas County, Texas, on January 4, 2011, as Document Number 201100001403, and covered the TCI 109 Beltline Property.  Exhibit 10 is a true and correct copy of that General Warranty Deed.

95.     The Loan Documents between TCI 109 Beltline and Armed Forces prohibit the transfer of the TCI 109 Beltline Property to any third party without Armed Forces' prior written consent.

96.     The transfers and bankruptcy were without notice to Armed Forces.

97.     TCI 109 Beltline did not seek or receive the prior written consent from Armed Forces to transfer the TCI 109 Beltline Property to any third parties.

98.     Effective as of December 27, 2010, pursuant to a certain Distribution Agreement, TCI 109 Beltline distributed the TCI 109 Beltline Note to Transcontinental, which was the parent of TCI 109 Beltline.  An allonge in favor of Transcontinental was executed by TCI 109 Beltline and attached to the TCI 109 Beltline Note on December 27, 2010.  Exhibit 11 contains true and correct copies of the Distribution Agreement and the allonge.

99.     As of December 23, 2010, the directors and officers of TCI 109 Beltline were those individuals set forth on the attached Exhibit 12.  As of the Petition Date, the officers and directors of TCI 109 Beltline were those individuals set forth on the attached Exhibit 13.

**Transfer of Real Estate From American Realty Trust to FRE, Subject to the Liens of Armed Forces Bank.**

100.     Effective December 23, 2010, pursuant to a certain Purchase Agreement, FRE purchased from American Realty Trust, approximately 257.05 acres of land in Farmers Branch, Dallas County, Texas, commonly known as Valwood/Mercer Land (the "American Realty Trust Property"), subject to the alleged liens and indebtedness of Armed Forces Bank and Propel, for a purchase price of $28,400,000.00.   Exhibit 14 is a true and correct copy of that Purchase Agreement.

101.     The purchase price included FRE's (i) assumption of mortgage debt, line of credit and property tax obligations encumbering the American Realty Trust Property with an approximate balance of $23,207,613.84, (ii) American Realty Trust's trade debt for the American Realty Trust Property, and (iii) a Promissory Note, dated as of December 23, 2010, in the original principal amount of $260,131.00, executed by FRE, as maker, and American Realty Trust, as payee (the "American Realty Trust Note").  Exhibit 15 is a true and correct copy of the American Realty Trust Note.

102.     As of the Petition Date, the total amount of unsecured trade debt previously owed by American Realty Trust and assumed by FRE, as represented by FRE, was $8,575.01, as set forth on Exhibit 5.

103.     Effective as of December 23, 2010, American Realty Trust executed a General Warranty Deed, wherein American Realty Trust deeded all of its right, title, and interest in and to the American Realty Trust Property to FRE.  Such General Warranty Deed was recorded in

Dallas County, Texas, on January 5, 2011, as Document Number 201100003403, and covered the American Realty Trust Property. Exhibit 16 is a true and correct copy of that General Warranty Deed.

104. The Loan Documents between American Realty Trust and Armed Forces prohibit the transfer of the American Realty Trust Property to any third party without Armed Forces' prior written consent.

105. The transfers and bankruptcy were made without notice to Armed Forces.

106. American Realty Trust did not seek or receive the prior written consent from Armed Forces to transfer the American Realty Trust Property to any third parties.

107. As of December 23, 2010, the officers and directors of American Realty Trust were those individuals set forth on the attached Exhibit 12. As of the Petition Date, the officers and directors of American Realty Trust were those individuals set forth on the attached Exhibit 13.

**Transfer of Real Estate From TCI McKinney Ranch to FRE, Subject to the Liens of Armed Forces Bank.**

108. Effective December 23, 2010, pursuant to a certain Purchase Agreement, FRE purchased from TCI McKinney Ranch, approximately 20.8445 acres of land in McKinney, Collin County, Texas, commonly known as McKinney Ranch Land (the "TCI McKinney Ranch Property"), subject to the alleged liens and indebtedness of Armed Forces and Propel, for a purchase price of $5,400,000.00. Exhibit 17 is a true and correct copy of that Purchase Agreement.

109. The purchase price included FRE's (i) assumption of mortgage debt and property tax obligations encumbering the TCI McKinney Ranch Property with an approximate balance of $5,393,240.08 (ii) TCI McKinney Ranch's trade debt for the TCI McKinney Ranch Property, and

(iii) execution and delivery of a Promissory Note, dated as of December 23, 2010, in the original principal amount of $6,759.92, executed by FRE, as maker, and TCI McKinney Ranch, as payee (the "TCI McKinney Ranch Note"). Exhibit 18 is a true and correct copy of the TCI McKinney Ranch Note.

110.    As of the Petition Date, the total amount of unsecured trade debt previously owed by TCI McKinney Ranch and assumed by FRE, as represented by FRE, was $0.00, as set forth on Exhibit 5.

111.    Effective as of December 23, 2010, TCI McKinney Ranch executed a General Warranty Deed, wherein TCI McKinney Ranch deeded all of its right, title, and interest in and to the TCI McKinney Ranch Property to FRE. That General Warranty Deed was recorded in Collin County, Texas, on January 4, 2011, as Document Number 20110104000016120, and covered the TCI McKinney Ranch Property. Exhibit 19 is a true and correct copy of that General Warranty Deed.

112.    The Loan Documents between TCI McKinney Ranch and Armed Forces prohibit the transfer of the TCI McKinney Ranch Property to any third party without Armed Forces' prior written consent.

113.    The transfers and bankruptcy were made without notice to Armed Forces.

114.    TCI McKinney Ranch did not seek or receive the prior written consent from Armed Forces to transfer the TCI McKinney Ranch Property to any third parties.

115.    As of December 23, 2010, the officers and directors of TCI McKinney Ranch were those individuals set forth on the attached Exhibit 12. As of the Petition Date, the officers and directors of TCI McKinney Ranch were those individuals set forth on the attached Exhibit 13.

**Transfer of Real Estate From ART Collection to FRE, Subject to the Alleged Liens of Armed Forces Bank.**

116.     ART Collection, Inc., a Nevada corporation ("ART Collection") is a Nevada corporation.

117.     Effective December 23, 2010, pursuant to a certain Purchase Agreement, FRE purchased from ART Collection approximately 97.276 acres of land in Austin, Travis County, Texas, commonly known as Pioneer Crossing (the "ART Collection Property"), subject to the alleged liens and indebtedness of Armed Forces, for a purchase price of $7,850,000.00.  Exhibit 20 is a true and correct copy of that Purchase Agreement.

118.     The purchase price included FRE's (i) assumption of mortgage debt encumbering the Pioneer Collection Property with an approximate balance of $7,844,740.83, (ii) assumption of ART Collection's trade debt for the ART Collection Property, and (iii) execution and delivery of a Promissory Note, dated as of December 23, 2010, in the original principal amount of $5,259.17, executed by FRE, as maker, and ART Collection, as payee (the "ART Collection Note").  Exhibit 21 is a true and correct copy of the ART Collection Note.

119.     As of the Petition Date, the total amount of unsecured trade debt previously owed by ART Collection and assumed by FRE, as represented by FRE, was $0.00, as set forth on Exhibit 5.

120.     Effective December 23, 2010, ART Collection executed a General Warranty Deed, wherein ART Collection deeded all of its right, title, and interest in and to the ART Collection Property to FRE.  That General Warranty Deed was recorded in Travis County, Texas, on January 4, 2011, as Document Number 2011001167, and covered the ART Collection Property.  Exhibit 22 is a true and correct copy of that General Warranty Deed.

121. The Loan Documents between ART Collection and Armed Forces prohibit the transfer of the ART Collection Property to any third party without Armed Forces' prior written consent.

122. The transfers and bankruptcy were made without notice to Armed Forces.

123. ART Collection did not seek or receive the prior written consent from Armed Forces to transfer the ART Collection Property to any third parties.

124. As of December 23, 2010, the directors and officers of ART Collection were those individuals set forth on the attached Exhibit 12. As of the Petition Date, the officers and directors of ART Collection were those individuals set forth on the attached Exhibit 13.

**Transfers to FRE were fraudulent.**

125. The transfers described in paragraphs 84 through 124, above, (the "Wrongful Transactions") carried multiple badges of fraud, including without limitation, that they were as between related entities that shared common officers and directors, they were taken reaction to the transferors unpaid debts, they were largely taken inconsideration of notes from a purchaser who would declare bankruptcy immediately after the transfers, the transfers were of common purpose and executed on the same days near the Christmas and New Years holidays by the same common employee, deeds resulting from the transactions were only made public by recordation upon the bankruptcy filing of the purchaser.

126. Upon information and belief, Defendants Bertcher, Moos, and Shelley, were personally involved in approvals and executions of the fraudulent sales.

**Loan Defaults**

127. Borrower Defendants are in default of their obligations under the Loan Documents, by virtue of the Borrower Defendants' failure to pay in full all indebtedness

evidenced by the Loan Documents, and their transfers of collateral in violation of the Loan Documents.

128.     Borrower, Transferor and Transferee Defendants are in default of their obligations under the Loan Documents, by virtue of the Wrongful Transaction described in paragraphs 84 through 24 of this Complaint..

129.     Each Guarantor Defendant is in default of its obligation under its respective Guaranty, by virtue of its failure to pay in full certain indebtedness evidenced by the Loan Documents upon the Borrower Defendants' default and Guarantor Defendants' actual notice thereof.

130.     ARMED FORCES has the right to pursue all available remedies against the Borrower Defendants and Guarantor Defendants based upon the defaults set forth above, including without limitation, to seek personal judgments against them.

## Count I:  Debts on Promissory Notes

131.     ARMED FORCES incorporates the allegations of paragraphs 1 through 131 as if fully set forth in this Count for relief.

132.     Pursuant to each Note, each Borrower Defendant was to pay the balance due under the Note on or before its maturity date.

133.     Under the terms of each Note, each Borrower Defendant is in default of payment obligations and of the Note.

134.     As of January 4, 2011, the balance of amounts due from each Borrower Defendant to ARMED FORCES, together with the total amount, is as described at paragraphs 40 through 62, and other fees and charges under the Note and interest continue to accrue.

135.    The Note provides payment of all costs, expenses, charges, disbursements and attorney's fees incurred by ARMED FORCES in connection with the Note. ARMED FORCES has incurred costs and attorney's fees in prosecuting this action.

WHEREFORE   Plaintiff Armed Forces respectfully requests this Court's order and judgment in favor of Plaintiff and against each and all Borrower Defendants in the amount of their respective liabilities under the Notes as described herein, with interest thereon from and after January 4, 2011, in accordance with the terms of the Note together with attorneys' fees, court costs and such other and further relief as the Court deems just and proper.

## Count II:  Debts on Guarantees

136.    ARMED FORCES incorporates the allegations of paragraphs 1 through 135 as if fully set forth in this Count for relief.

137.    Each and all Guarantor Defendants executed written guaranties of amounts due under Count I above to ARMED FORCES, to induce ARMED FORCES, to loan monies to or for the account of the Borrower Defendants, including but not limited to the guaranties attached as Exhibit 3.

138.    The Guaranties provide that the Guarantor Defendants, and each of them, guarantees the indebtedness of Borrower Defendants to ARMED FORCES, until fully satisfied. The indebtedness referred to in the Guaranties applies to the Notes, Loan Documents and amounts due under Count I above, herein.

139.    Despite the Borrower Defendants' defaults, the Guarantor Defendants have failed and refused to pay the amounts due under the Notes and Loan Documents as required by the Guaranties.

140.     As of January 4, 2011, the total of Borrower Defendants' outstanding defaulted loan balance and interest guaranteed by the Guarantor Defendants was $72,526,355.22 with interest continuing thereon.

WHEREFORE   Plaintiff Armed Forces respectfully requests this Court's order and judgment in favor of Plaintiff and against each and all Guarantor Defendants in the amount of their respective liabilities under the Notes and Guarantees as described herein, with interest thereon, in accordance with the terms of the Note and Guaranties and together with costs of collection including attorneys' fees, court costs and such other and further relief as the Court deems just and proper.

## Count III:  Fraudulent Transfers

141.     ARMED FORCES incorporates the allegations of paragraphs 1 through 140 as if fully set forth in this Count for relief.

142.     Transferor and Transferee Defendants' conduct in the Wrongful Transactions in violation of the Uniform Fraudulent Transfer Act, in Missouri, RSMo §428.005 et seq.

143.     The Wrongful Transactions are replete with badges of fraud.

144.     Upon information and belief, Transferor Defendants received less than a reasonably equivalent value in exchange in the Wrongful Transactions.

145.     Transferor and Transferee Defendants entered the Wrongful Transactions with the actual intent to hinder, delay, or defraud ARMED FORCES.

146.     Before the Wrongful Transactions were executed, Transferor and Transferee Defendants had become delinquent in their obligations to ARMED FORCES, the Wrongful Transactions occurred in close proximity to Transferor and Transferee Defendants financial difficulties with ARMED FORCES, the Wrongful Transactions were concealed by holiday

actions and awaiting the bankruptcy filing of the Transferee Defendant to record the prohibited conveyances, and such conveyances occurred between two entities that were actually or presumptively insolvent, involved entities under the control of the same individuals, and were in anticipation of bankruptcy filing.

147. Transferee Defendants received the collateral of ARMED FORCES with knowledge of the fraudulent intent of Transferor Defendants and with intent to assist Transferor Defendants' fraudulent act and such intent included without limitation that of hindering the collection of monies then or prospectively due to ARMED FORCES.

148. Upon information and belief, Transferee Defendants had knowledge of, and knowingly participated in, the fraudulent intent of the Wrongful Transactions.

149. The actions of Transferee Defendants and Transferor Defendants constitute a tort against ARMED FORCES, who has been damaged thereby, including but not limited to costs in appearing in the Bankruptcy case to obtain dismissal for the bad faith filing, attorney fees herein, and loss of benefit of the collateral or alternatively income from the debt.

WHEREFORE Plaintiff Armed Forces respectfully requests this Court's order and judgment in favor of Plaintiff and against each and all Transferor and Transferee Defendants, jointly and severally, for nominal, actual and punitive damages caused by their fraudulent conduct as described herein, and further orders voiding and setting aside the Wrongful Transactions, and enjoining Transferee Defendants and Transferor Defendants from transferring or encumbering the Property; and for other such relief as is just and equitable.

### Count IV  Slander of Title

150.    ARMED FORCES incorporates the allegations of paragraphs 1 through 149 as if fully set forth in this Count for relief.

151.    As described in the previous Count of this Complaint, Transferee Defendants and Transferor Defendants executed writings in the course of the Wrongful Transactions, including Purchase Agreements and Warranty Deeds.

152.    The writings contain affirmatively and by material omission the assertion that Transferee Defendants and Transferor Defendants are entitled to enter such sales and conveyances or to convey good title.

153.    Such statements are false and regard a real property interest of ARMED FORCES in the described realty.

154.    Through publication of such statements to their respective Boards, to each other, by recordation, and in bankruptcy filings, Transferee Defendants and Transferor Defendants acted with malice to accomplish the prohibited result of hindering their creditors and ARMED FORCES.

155.    Such statements resulted in pecuniary loss and injury to ARMED FORCES, who has been damaged thereby, including but not limited to costs in appearing in the Bankruptcy case to obtain dismissal for the bad faith filing, attorney fees herein, and loss of benefit of the collateral or alternatively income from the debt.

WHEREFORE Plaintiff Armed Forces respectfully requests this Court's order and judgment in favor of Plaintiff and against each and all Transferor and Transferee Defendants, jointly and severally, for nominal, actual and punitive damages caused by their slander of Plaintiff's property interests as described herein.

Respectfully submitted,


**BRYAN CAVE LLP**


By:  s/ Mark G. Stingley
      Mark G. Stingley       MO #26071
      William J. Maloney    MO #44164
      James P. Maloney     MO # 36754
      One Kansas City Place
      1200 Main Street, Suite 3500
      Kansas City, MO  64105
      (816) 374-3200
      (816) 374-3300
      mgstingley@bryancave.com
      wjmaloney@bryancave.com
      james.maloney@bryancave.com

**ATTORNEYS FOR PLAINTIFF**